UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYNE SPENCER, Personal Representative of the Estate of LOIS SPENCER, Deceased,<br><br>    Plaintiff,<br><br>        vs.<br><br>GENERAL MOTORS CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO.  1:06-cv-1197-DFH-WTL<br>)<br>)<br>)<br>) |

### ENTRY ON MOTIONS FOR PROTECTIVE ORDER

This cause is before the Magistrate Judge on the fully-briefed motion for protective order filed by non-party David Viano. A motion for protective order addressing the same issue also has been filed by Defendant General Motors Corporation ("GM"). The Magistrate Judge, being duly advised, **GRANTS** Viano's motion for the reasons set forth below. Given this ruling, there is no reason to consider GM's motion, which is therefore **DENIED AS MOOT**.

This is a product liability action in which the Plaintiff alleges that design defects in a GM vehicle caused the death of Lois Spencer. GM has retained Dr. David Viano as an expert witness in this case. Viano was employed by GM from 1972 until 2002, when he began his own consulting business. At issue in the instant motions is the Plaintiff's document request seeking "[a]ll Documents, except for health records, contained in Dr. David Viano's personnel file, including but not limited to Documents Reflecting his job duties, responsibilities, compensation, benefits, retirement benefits, pension benefits, performance evaluations and reviews for Dr. Viano." Viano argues that this request seeks "confidential information that is irrelevant to this action and is sought only for the purposes of embarrassing and harassing Dr. Viano," Viano Brief at 2, and asks that GM not be required to produce his personnel file.

The Magistrate Judge certainly understands why the Plaintiff wishes to obtain Viano's

records from GM, and disagrees that the Plaintiff's motivation simply is to embarrass or harass Viano. Rather, the Plaintiff clearly is hoping to obtain information from the personnel file that can be used to impeach him and cast doubt upon his qualifications and/or veracity in the eyes of the jury. In that sense, there certainly might be "relevant" information contained in the personnel file in the broad sense of the word. However, at least under the circumstances of this case, the Magistrate Judge believes that the possibility that the Plaintiff will obtain some nugget of useful information is outweighed by Viano's expectation of privacy in his personnel file, as well as the very real danger that permitting such discovery will lead down the slippery slope of litigating the meaning and import of personnel documents–some over 30 years old–rather than focusing on the actual issues in this case.

An examination of the Plaintiff's arguments supports this conclusion. For example, the Plaintiff notes that he "believes the personnel file will show that Dr. Viano received his medical license while employed by GM." Plaintiff's Brief at 4. The relevance of that fact is unclear to the Magistrate Judge, but, to the extent that it is relevant, it clearly is something that the Plaintiff can question Viano about at his deposition; there is no need for the Plaintiff to obtain Viano's personnel file to explore that issue. The Plaintiff further argues that "Dr. Viano's evaluations or reviews will reflect GM's satisfaction or lack of satisfaction with Dr. Viano's performance. Again, these evaluations bear directly on Dr. Viano's qualifications to render expert opinions in this matter." *Id.* That may or may not be true. A person can be a brilliant scientist and a lousy employee; poor performance reviews do not necessarily equate with lack of qualification as an expert. Further, Viano's personnel file contains information from 1972 until 2002; certainly the Plaintiff would concede that Viano's job performance three decades ago bears no relevance to his qualifications today. Finally, the Plaintiff argues that he "also has an interest in showing Dr. Viano's bias as a result of his past and present financial relationship with GM. These financial

2

arrangements directly bear upon Dr. Viano's credibility and the bias he has in favor of GM." *Id.* However, the Plaintiff has ample evidence already regarding Viano's relationship with GM. GM and Viano are required to disclose the compensation Viano will receive for his services as an expert, and his resume makes clear his long-term employment by and retirement from GM. The details of any pension or other benefits he might be receiving as a GM retiree would not add anything to the jury's consideration of whether his testimony is biased in favor of GM for financial (or loyalty) reasons.

Again, while the possibility exists that there could be some relevant information contained within Viano's personnel file, the Magistrate Judge determines that Viano's privacy interest in his personnel records outweighs the possible usefulness of the information to the Plaintiff. The Magistrate Judge disagrees with the Plaintiff's assertion that Viano waived his privacy interest in his personnel file when he agreed to act as an expert witness in this case, given the very marginal relevance of the information in that file to his expert testimony. Accordingly, Viano's motion for protective order is **GRANTED**.

SO ORDERED:   10/25/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification