**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **WAYNE SPENCER, Personal Representative** | ) |
| **of the Estate of LOIS SPENCER, Deceased,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CAUSE NO.  1:06-cv-1197-DFH-WTL** |
| | ) |
| **GENERAL MOTORS CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## ENTRY ON MOTION FOR PROTECTIVE ORDER

This cause is before the Magistrate Judge on the motion filed by Defendant General

Motors Corporation ("GM") entitled Motion for Entry of Protective Order to Preclude the

Deposition of Mitchell Scherba.  The motion is fully briefed, and the Magistrate Judge, being

duly advised, **GRANTS** GM's motion for the reasons set forth below.

Mitchell Scherba is GM's Director of Safety and Crash Worthiness.  In that position and

his prior position with GM, Scherba was undisputedly involved in GM's development and

implementation of side impact air bags in its vehicles.  It appears, then, that he could provide

testimony that is relevant, at some level, to the Plaintiff's claim in this case that the air bags in

the vehicle at issue were defective.

Relevant does not always equate to discoverable, however.  Federal Rule of Civil

Procedure 26(b)(2)(C) provides:

> The frequency or extent of use of the discovery methods otherwise permitted
> under these rules and by any local rule shall be limited by the court if it
> determines that: (i) the discovery sought is unreasonably cumulative or
> duplicative, or is obtainable from some other source that is more convenient, less
> burdensome, or less expensive; (ii) the party seeking discovery has had ample
> opportunity by discovery in the action to obtain the information sought; or (iii)
> the burden or expense of the proposed discovery outweighs its likely benefit,
> taking into account the needs of the case, the amount in controversy, the parties'
> resources, the importance of the issues at stake in the litigation, and the

importance of the proposed discovery in resolving the issues.

The Plaintiff's request to depose Scherba is the exact type of situation to which this rule was intended to apply.  Scherba was not directly involved in the design or development of the 2002 Trailblazer at issue in this case; his testimony would involve GM's development of side air bags generally, a topic that, while perhaps relevant, is not highly so.[1]  GM has offered to permit the Plaintiff to include that topic in the deposition of Anthony Melocchi, a GM engineer who already is slated to be deposed on other issues, and there is no indication that the scope of Scherba's knowledge exceeds that of Melocchi in any material way.  In addition, GM has produced a deposition given by Scherba in another case; again, there is no explanation from the Plaintiff regarding what type of relevant information he could obtain from deposing Scherba that he does not already have.[2]  Based upon the information before the Magistrate Judge, it appears

---

[1]The Plaintiff argues in his Response that

The relevance of the history of side air bags, as well as the design, development and testing of side air bags at GM and in the industry as a whole has previously been addressed. In ruling upon other discovery motions in this matter, this Court determined that items relating to the history, design, development and testing of side air bags is relevant (See Entry for August 10, 2007, Docket No. 71). GM did not challenge this ruling from the Court and therefore, GM's continued attempts to challenge the relevancy of this information is misplaced, inappropriate and sanctionable.

Plaintiff's Response at 3-4.  This argument substantially misstates the import of the Magistrate Judge's prior ruling, which did not suggest that unlimited, or even broad, discovery regarding the history of side air bags was appropriate.  Rather, the issue before the Magistrate Judge was whether the Plaintiff was entitled to obtain certain documents that GM had produced in other cases.  In ordering GM to produce those documents in this case, the Magistrate Judge found that the documents *might* be relevant to this case and that "inasmuch as the Plaintiff seeks only documents that have already been produced in other cases regarding the other vehicles, the burden of production is very low." It is disingenuous for the Plaintiff to suggest that GM's failure to appeal that ruling constitutes a waiver of their right to object to the burden of producing a second witness to testify on an issue of rather marginal relevance.

[2]The Plaintiff suggests that GM might decide to call Scherba as a witness in this case. Obviously if that were to happen, the Plaintiff could then seek leave to depose him.

2

that Scherba's deposition would be cumulative and that the burden of the deposition outweighs

its likely benefit.  Accordingly, GM's motion for protective order is **GRANTED**.

SO ORDERED:  11/08/2007


_William T Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification